MICHAEL F. WOOD (DCBN 376312)
RICHARD B. COHEN (CSBN 79601)
BRIAN J. STACK (OSBN 0069796)
JASON M. KATZ (OSBN 0076104)
ALBERT SAMBAT (CSBN 236472)
ANNA TRYON PLETCHER (CSBN 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone (415) 436-6660
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE MARCHELOS,<br><br>　　　　Defendant. | No. CR-05-00208-01 CRB<br><br>UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT GEORGE MARCHELOS<br><br>Hearing Date: April 9, 2008<br>Time:　　　2:15 p.m.<br>Court:　　　Hon. Charles R. Breyer |

Defendant George Marchelos is scheduled to be sentenced before this Court on April 9, 2008, after having entered a guilty plea on April 6, 2007. Mr. Marchelos pled guilty pursuant to a Rule 11(c)(1)(B) plea agreement to two counts of an Indictment: (1) that he participated in a scheme to defraud the Federal Communications Commission ("FCC") and the Universal Services Administrative Company ("USAC"), in violation of 18 U.S.C. §§ 1343 and 2; and (2) that he conspired to rig bids related to a school's seeking funding under the FCC's E-Rate program, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Mr. Marchelos' co-defendants, with the exception of co-defendant Judy Green, have also pled guilty. On September 14, 2007, a jury found Ms. Green guilty of the twenty-two counts with which she was charged. She was sentenced by Judge William Alsup on March 19, 2008. Co-defendant Earl Nelson was

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR
DOWNWARD DEPARTURE RE: DEFENDANT GEORGE MARCHELOS**

sentenced by this Court on March 19, 2008. The remaining co-defendants are scheduled to be sentenced before this Court on the same day as Mr. Marchelos.

The United States now files this pleading to address the offense conduct and the calculation of the Guidelines, as well as to advise the Court of its sentencing recommendation. Based on Mr. Marchelos' substantial assistance to the government and based on his history and characteristics, the United States moves for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), to offense level 20.

## DISCUSSION

### I. The Offense Conduct

The Probation Officer's Report sets out an accurate summary of the facts of this case. *See* Presentence Investigation Report, ¶¶ 6–20. In a nutshell, this case relates to schemes and conspiracies to defraud the federal E-Rate program, which was created by Congress to provide funding to connect schools and libraries to the Internet. One of those conspiracies, the bid-rigging conspiracy charged in Count Twelve of the Superseding Indictment, to which Mr. Marchelos has since pled guilty, focuses on bid activity related to the West Fresno Elementary School District ("West Fresno"), located in Fresno, California. As a key feature of this conspiracy, various vendors entered into an agreement not to compete, which was orchestrated by co-defendant Judy Green, with the participation of Mr. Marchelos and his employer, Video Networks Communications, Inc. ("VNCI"). That agreement provided that Marchelos, Green, and VNCI would secure the West Fresno E-Rate project for certain vendors in exchange for those vendors' agreement to purchase and install VNCI equipment. In conjunction with that agreement, Marchelos' employer, VNCI, agreed to pay a commission to co-defendant Judy Green and her company (ADJ Consultants, Inc.) for the VNCI video equipment installed on the project. Ms. Green was the driving force in this conspiracy, and Mr. Marchelos assisted her in working with West Fresno and the co-conspirator vendors. Ms. Green orchestrated the award of the project's equipment and services to the co-conspirator vendors, including Marchelos' VNCI, and Marchelos was subsequently paid a commission for the VNCI equipment installed on the project.

In addition to the bid-rigging conspiracy, Mr. Marchelos also pled guilty to the wire-fraud

Case3:05-cr-00208-CRB Document628 Filed03/27/08 Page3 of 5


scheme charged in Count Eleven of the Indictment, which is related to the E-Rate project for the Luther Burbank School District ("Luther Burbank"), located in San Jose, California. The basic contours of the charged conduct include: (1) the submission of false and misleading documents to USAC to deceive it into believing that it was paying only 90% of the Luther Burbank project's costs, when in fact USAC paid 100% of the project's costs; (2) the submission of false and misleading invoices to USAC to conceal the fact that E-Rate funding purchased equipment ineligible for E-Rate funding; and (3) the submission of certifications to USAC stating that the equipment and services for the project had been delivered and installed, before the work had even begun, in order to obtain the money up front. In effectuating this scheme, Mr. Marchelos assisted his co-schemers in submitting false and misleading documents to USAC that hid the fact that E-Rate funds would pay for 100% of the project costs, hid the fact that E-Rate funds were used to pay for ineligible items, and that misrepresented the status of the work (stating that work had been completed when it had not yet begun).

## II. The Guidelines Calculations

The Probation Office has concluded that Mr. Marchelos' final offense level is 29 and that his criminal history category is I, which results in a Guidelines range of 87 to 108 months. The United States agrees with these calculations.

Based on Mr. Marchelos' substantial cooperation in the United States' investigation, as well his history and characteristics, however, the United States respectfully requests that this Court depart below the applicable Guidelines range, to a level 20. The basis of the United States' motion is set out in more detail in Section III, *infra*.

## III. Sentencing Recommendation and Motion for Downward Departure

Under U.S.S.G. § 5K1.1, the Court may depart from the Guidelines based on defendant's substantial assistance, and may consider the following reasons when determining the appropriate amount of the reduction:

    A.    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

    B.    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

|   |   |   |
|---|---|---|
| | C. | the nature and extent of the defendant's assistance; |
| | D. | any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and |
| | E. | the timeliness of the defendant's assistance. |

U.S.S.G. § 5K1.1. Further, this Court should consider the factors set out in 18 U.S.C. § 3553(a) in determining an appropriate sentence, including the nature and characteristics of the defendant.

Mr. Marchelos merits a downward departure based on his timely cooperation and acceptance of responsibility. Mr. Marchelos was the second indicted individual to agree to change his plea. After Mr. Marchelos pled guilty, he was interviewed several times, during which he provided the government with significant information and assistance regarding the case. Due to Mr. Marchelos' close association with Ms. Green, he was able to provide many details about the conspiratorial events that only he could provide. He also gave context and foundation for relevant documents and described his own conduct, intent, and motives. Moreover, when considered with other information the government possessed, Mr. Marchelos' information was both accurate and reliable.

Ultimately, Mr. Marchelos was the second conspiratorial witness to testify at the trial of Judy Green, *United States v. Judy Green*, (N.D. Cal. CR-05-0208-07). Mr. Marchelos' testimony, like his other cooperation, was truthful, candid, and complete. At trial, Mr. Marchelos was instrumental in allowing the government to introduce and explain many of the fraudulent documents that were submitted to USAC and the FCC. As in his interviews, he testified as to motive and intent, which gave context to the trial exhibits. Finally, Mr. Marchelos willingly accepted responsibility for his improper actions and testified to that in open court, maintaining that position despite substantial cross-examination.

With respect to the history and characteristics of the defendant, the United States notes that, before being associated with Ms. Green, Mr. Marchelos had worked in the technology-related industry for years with no prior history of questionable conduct. The United States believes that these circumstances also militate for a sentence below the applicable Guidelines range.

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT GEORGE MARCHELOS**
-4-

For all of these reasons, although Mr. Marchelos' actions were serious, the United States believes that, taking into account the factors set out in U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), his assistance has been substantial and supports a sentence below the applicable Guidelines range. The United States, accordingly, asks the Court to depart downward to offense level 20. This sentence level appropriately punishes Mr. Marchelos for his crimes and rewards him for his cooperation. The United States also requests that the Court also impose a $100 special assessment per count of conviction.

## IV. Restitution and Forfeiture

The victims are the entities that controlled the E-Rate funds: the FCC and USAC. A civil *qui tam* action produced settlements with various involved companies, which resulted in substantial civil penalties. Because that action provided for a recovery more than actual civil damages, the victims' rights have been addressed.

With respect to the issue of forfeiture, no action is necessary.

## CONCLUSION

Based on the defendant George Marchelos' cooperation with and substantial assistance to the government, his history and characteristics, and based on all of the facts of this case, the United States moves for a downward departure to a level 20. The Court should also impose a special assessment of $100 per count of conviction.

DATED: March 27, 2008

/s/Richard B. Cohen
MICHAEL F. WOOD
RICHARD B. COHEN
BRIAN J. STACK
JASON M. KATZ
ALBERT B. SAMBAT
ANNA TRYON PLETCHER
Trial Attorneys
Antitrust Division
United States Department of Justice

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT GEORGE MARCHELOS**